UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACEY MACULAITIS,<br><br>    Plaintiff,<br><br>v.<br><br>WAFIOS MACHINERY CORPORATION,<br><br>    Defendant. | Civil Action No. 3:13-cv-00805 (RNC)<br><br>November 7, 2013 |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Under the Federal Rules of Civil Procedure and the Local Rules for this Court, the defendant, Wafios Machinery Corporation ("defendant"), and the plaintiff, Tracey Maculaitis ("plaintiff"), respectfully request that the Court approve the settlement reached by the parties. The parties respectfully ask the Court to conduct an *in camera* review of the confidential settlement agreement if necessary to approve this Motion.

### A.   Legal Standards

A settlement agreement in a Fair Labor Standards Act ("FLSA") case must be supervised by the Secretary of Labor or approved by the Court. Marfak v. Peretta, No. 10 Civ. 7785, 2011 U.S. Dist. LEXIS 48994 (S.D.N.Y. May 4, 2011). The requirement of Court approval "is meant to protect employees from inequality in bargaining powers." Elliott v. Allstate Investigations, Inc., No. 07 Civ. 6078, 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y. Mar. 19, 2008) (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 115 (1946)); see Lujan v. Cabana Mgmt., Inc., No. 10-CV-755, 2011

{W2321979}                                                     1

U.S. Dist. LEXIS 82204 (E.D.N.Y. July 27, 2011) (the FLSA "places strict limits on an employee's ability to waive claims … for fear that employers would coerce employees into settlement and waiver" (internal quotations and citation omitted)). In deciding whether to approve such an agreement, "the Court must scrutinize the settlement for fairness." Martinez v. Ragtime Foods of New York, Inc., No. 11-CV-1483, 2011 U.S. Dist. LEXIS 130357 (E.D.N.Y. Nov. 10, 2011) (internal citations and quotations omitted).

The Court should approve an FLSA settlement if it is "reached as a result of contested litigation to resolve *bona fide* disputes." Aros v. United Rentals, Inc., 2012 WL 3060470 at *2 (D. Conn. July 26, 2012) (emphasis in original; citing cases). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Khait v. Whirlpool Corp., No. 06-6381, 2010 U.S. Dist. LEXIS 4067 (E.D.N.Y. Jan. 20, 2010) (internal citations and quotations omitted). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.; see Reyes v. Buddha-Bar NYC, No. 08 Civ. 02494, 2009 U.S. Dist. LEXIS 45277 (S.D.N.Y. May 28, 2009) (approving FLSA collective action settlement when agreement was fairly and honestly negotiated, the result of arm's-length negotiations, and serious questions of law and fact existed "such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation"); Martinez, 2011 U.S. Dist. LEXIS 130357 at *3 (a settlement agreement is fair if it "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights

brought about by an employer's overreaching" (internal quotations and citation omitted)).

### B. Factual Allegations

As alleged in the Complaint, the plaintiff claims that the defendant failed to pay her overtime for all hours over 40 in a workweek. The defendant asserted that no overtime was owed to the plaintiff because she was properly classified as exempt under the administrative exemption to the overtime requirements of the FLSA and the Connecticut Wage Payment Laws.

### C. The Settlement Should Be Approved

#### 1. Settlement Negotiations

Early on, plaintiff's counsel and defendant's counsel agreed to exchange information to evaluate the claims and defenses in this FLSA action. The parties exchanged settlement offers, but could not reach a settlement. While discussions were ongoing, the plaintiff filed an action with the EEOC in which she alleged a claim under Title VII of the Civil Rights Act of 1964, as amended. That action, captioned Tracey Maculaitis v. WAFIOS Machinery Corp, EEOC Charge No. 523-2013-00681 ("EEOC Action"), is pending at the EEOC, and the defendant's response is due on November 14, 2013.

During the Rule 26(f) conference, the parties agreed to mediate both this action and the EEOC Action at an Early Settlement Conference, which was held before The Honorable Donna Martinez on October 31, 2013. After several hours of mediation, the parties reached a global settlement agreement of all claims. Each side was

{W2321979}   3

represented by experienced counsel. The plaintiff was represented by Garrison, Levin-Epstein, Richardson, Fitzgerald & Pirrotti, P.C., which represents employees in employment-related disputes, including wage and hour law cases. The defendant was represented by Carmody & Torrance LLP, which represents management in employment-related disputes, including wage and hour law cases.

In advance of the mediation, the parties exchanged relevant documents. These documents reflected hours worked, job duties, wages paid, and other pertinent wage information. The documents and the mediation facilitated meaningful and productive settlement discussions. The documents and information exchanged at mediation provided the plaintiff with enough information to assess the potential damages and potential liability in this case and the EEOC Action to reach a global settlement.

2. The Settlement is Fair

The settlement reached comprised three components: 1) an amount for alleged back wages, including liquidated damages; 2) an amount for alleged compensatory damages; and 3) an amount for reasonable attorneys' fees. The amount for back wages was determined by reviewing the defendant's calendar for all employees, the plaintiff's personal calendar, electronic communications, and the plaintiff's recollection of hours worked. The defendant will pay the total settlement under the parties' agreement, but no later than ten business days after the Court approves the settlement or the plaintiff signs the settlement agreement, whichever is later. The settlement agreement does not constitute an admission by any party regarding the merits, validity or accuracy of the allegations, claims or defenses.

### 3. The Settlement of Attorneys' Fees is Fair

The settlement agreement also provides for a sum to be paid to the plaintiff's counsel as attorneys' fees. The plaintiff is entitled to recover attorneys' fees under the FLSA, the Connecticut Wage Payment Law and Title VII. The parties agree that, under any method of calculation the Court may employ in this matter, the amount agreed upon for attorneys' fees is fair and reasonable.

### Conclusion

WHEREFORE, because the settlement reflects reasonable compromises over contested issues, the parties respectfully request that the Court approve the settlement agreement as it relates to the claims brought under the FLSA.

                                                  THE PLAINTIFF,
                                                  TRACEY MACULAITIS

                                                  _____/s/_____

                                                  Robert A. Richardson (ct09818)
                                                  Joshua R. Goodbaum (ct28834)
                                                  GARRISON, LEVIN-EPSTEIN, RICHARDSON,
                                                  FITZGERALD & PIRROTTI, P.C.
                                                  405 Orange Street
                                                  New Haven, CT 06511
                                                  Tel.:   (203) 777-4425
                                                  Fax:   (203) 776-3965
                                                  RRichardson@garrisonlaw.com
                                                  JGoodbaum@garrisonlaw.com

THE DEFENDANT,
WAFIOS MACHINERY CORPORATION

/s/ Giovanna Tiberii Weller

Giovanna Tiberii Weller (Ct11187)
Sarah S. Healey (Ct27952)
CARMODY & TORRANCE LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203-573-1200
Fax: 203-575-2600
GWeller@carmodylaw.com
SHealey@carmodylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Giovanna Tiberii Weller